# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES KOLTAY,

    Plaintiff,

-v-                                                Case No.  8:06-cv-1955-T-24TGW

LT. MULETT, Pinellas County Jail; JUDY MIDDLETON,  Children and Family Services, Clearwater, Florida,

    Defendants.

_____/

## ORDER

Pro se prisoner Plaintiff filed a civil rights action based on events that happened in 1989, 1992, and 1993. The complaint is almost bare of facts.  However, he attaches a copy of a state court motion to correct sentence, and based on the allegations in that motion, it appears Koltay is alleging that his federal constitutional rights were violated when his children were removed from his home at the Shadowlawn Trailer Park, Clearwater, Florida.  He alleges that he and his wife were accused of sexual abuse for the fourth time in 1989 and, consequently, their three children, who were four years old, two-and-one half years old, and three months old, were taken from them.  He also alleges that his wife subsequently died of cancer.  Plaintiff filed a similar complaint in case number 8:97-cv-2369-T-17TBM and has filed several other complaints in this Court related to the children's being removed from his home.

Plaintiff is now serving a 25-year prison sentence for attempted sexual battery on a victim

under the age of 12. (See Department of Corrections Database).

Plaintiff seeks the following as relief:

More authority(power) provided to innocents [sic] project in Wisconsin, "or else give me their add. [sic] Fed. Judge." Lt. Mulett: $20,000; Judy Middleton: $20,000.

## DISCUSSION

Plaintiff's complaint must be dismissed for at least two reasons.  First, Plaintiff has not alleged any facts against either of the Defendants.

Second, Plaintiff's complaint is barred by the statute of limitations. His claims accrued in 1989, 1992, and 1993, according to his own allegations in the complaint.  The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims.  Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987).  Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).  The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted).

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed as frivolous.  The Clerk is directed to enter judgment against Plaintiff Koltay and to close this case.

2. That Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied.  Plaintiff is assessed the $350.00 filing fee.  The Clerk is directed to send a copy of this order to Inmate Accounting 1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley,

Professional Account Supervisor; Veronica Wold, Government Operations Consultant. The Department of Corrections shall place a lien on the inmate's trust account for court costs and filing fees due.

ORDERED at Tampa, Florida, on October 30, 2006.

SUSAN C. BUCKLEW
United States District Judge

James Koltay